UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   Tabitha S. Yancey<br>             Debtor | CASE NO.: 25-11720-djb<br><br>CHAPTER 13 |
| SN Servicing Corporation as Servicer<br>for U.S. Bank Trust National<br>Association, as Trustee of FW-BKPL<br>Series I Trust<br>v.<br><br>Tabitha S. Yancey<br>Kenneth E. West<br>             Respondents | Judge: Derek J. Baker |

**ORDER APPROVING SETTLEMENT STIPULATION**

AND NOW, this _____ day of _____, 20_____, it is hereby
ORDERED and DECREED that the Settlement Stipulation resolving Creditor, U.S. Bank Trust
National Association, as Trustee of FW-BKPL Series I Trust 's Motion for Relief from Automatic
Stay is hereby APPROVED.

BY THE COURT:

**Date: March 18, 2026**

_____
Derek J. Baker, Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:    Tabitha S. Yancey
                      Debtor

SN Servicing Corporation as Servicer
for U.S. Bank Trust National
Association, as Trustee of FW-BKPL
Series I Trust
v.

Tabitha S. Yancey
Kenneth E. West
                      Respondents

CASE NO.: 25-11720-djb

CHAPTER 13

Judge: Derek J. Baker

**<u>SETTLEMENT STIPULATION</u>**

WHEREAS, on May 1, 2025, Tabitha S. Yancey (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, on February 13, 2026, U.S. Bank Trust National Association, as Trustee of FW-BKPL Series I Trust (the "Movant") filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding the Property located at 7203 Charles Street, Philadelphia, PA 19135 (the "Property");

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, David M. Offen, Esquire, as follows:

1.      The parties hereby certify that the post-petition arrearage is $5,575.43, consisting

of the following:

| | |
|---|---|
| Post-Petition Payments: | $3,999.45 – 01/01/2026 through 03/01/2026 at $1,333.15 per month |
| Attorney Fees: | $1,350.00 |
| Filing Costs: | $199.00 |
| Late Charges: | $206.55 |
| NSF Fees: | $10.00 |
| Suspense Balance: | ($189.57) |
| **Total Post-Petition Arrears: $5,575.43** | |

2.      Within twenty (20) days of the approval of this Stipulation, Debtor shall file an

Amended Plan providing for the post-petition arrears of $5,575.43 as set forth in Paragraph 1.

3.      Upon the filing of the Amended Plan, Creditor shall file an Amended Claim

providing for the post-petition arrears of $5,575.43 as set forth in Paragraph 1.

4.      Commencing on April 1, 2026, Debtor shall resume making regular monthly post-

petition mortgage payments in the amount of $1,333.15.

5.      Should Debtor fail to comply with any of the terms of this Stipulation, including

but not limited to failure to make the above described payments, or any regular monthly mortgage

payment commencing after the cure of the post-petition arrearage, then Movant may send Debtor

and counsel for Debtor a written notice of default of this Stipulation.  If the default is not cured

within ten (10) days of the date of said notice, counsel for Movant may file a Certification of

Default with the Court.  Said Certification of Default may include a certification of Debtor's failure

to pay subsequent payments that fall due after the date of the notice of default.  Upon Certification,

the Court shall enter an Order granting relief from the automatic stay as to the Property.

6.      In the event that Debtor converts his/her case to Chapter 11, the terms of this

Stipulation shall remain in full force and effect.  In the event that Debtor converts his/her case to

Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the

date of conversion.  Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send a notice of default and certify default as set forth in the preceding paragraph.

7.      The Debtor agrees that any Order granting relief from the automatic stay will include a waiver of Rule 4001(a)(4) and that Movant, its successors and/or assigns may act upon the Order immediately.

8.      If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be binding upon the parties.

9.      Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of default, and order for relief are recoverable and may be added to the arrearage.

10.      The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11.      Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

Date:   03/13/2026             /s/ Lauren M. Moyer
                               Lauren M. Moyer, Esquire
                               Friedman Vartolo, LLP
                               1325 Franklin Avenue, Suite 160
                               Garden City, NY 11530
                               *Counsel for Creditor*

Date:   03/13/2026             /s/ David M. Offen
                               DAVID M. OFFEN
                               The Curtis Center
                               601 Walnut Street, Suite 160 West
                               Philadelphia, PA 19106
                               *Counsel for Debtor*

Date:   3/16/26

No Objection – Without Prejudice to Any Trustee Rights or Remedies

/s/ Kenneth E. West

Kenneth E. West
*Chapter 13 Trustee*